**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK URIARTE, RUDY ALARCON, LUIS CASILLAS, STEVEN GARCIA, GERMAN DURAN, GABRIEL RODRIGUEZ, ISAIAS NAVARRO, and STEPHEN FRAZIER,<br><br>Plaintiffs,<br>v.<br>MICHAEL BOSTIC, CITY OF CALEXICO, RICHARD WARNE, and GONZALO C. GERARDO,<br><br>Defendants. | Case No.: 15cv1606-MMA (PCL)<br><br>**ORDER DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES**<br><br>[Doc. No. 52] |

On May 26, 2017, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Second Amended Complaint (SAC), and granted Defendants' motion to strike Plaintiffs' remaining state law claims pursuant to California's anti-SLAPP[1] statute, California Code of Civil Procedure § 425.16. *See* Doc. No. 50. Defendants requested an award of attorneys' fees and costs pursuant to section

---

[1] "SLAPP stands for strategic lawsuits against public participation." *Ampex Corp. v. Cargle*, 128 Cal. App. 4th 1569, 1573 (2005).

425.16(c)(1), and requested leave to file further briefing regarding the proper amount. Pursuant to section 425.16, a prevailing defendant on a motion to strike "shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1). Accordingly, the Court granted Defendants' request, and ordered Defendants to file a supporting declaration of counsel outlining the basis for the fees and costs incurred, and further ordered that Defendants' brief not exceed 15 pages, excluding exhibits. *See* Doc. No. 50. The Court allowed Plaintiff to respond in no more than 8 pages. Defendants have filed a declaration of counsel, which Plaintiffs oppose. For the reasons set forth below, the Court **DENIES** Defendants' request for fees.

## PROCEDURAL BACKGROUND

On July 20, 2015, Plaintiffs filed this action against Defendants alleging numerous causes of action. Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and moved to strike the state law claims pursuant to California Code of Civil Procedure § 425.16. Doc. Nos. 7, 8, 9. The Court granted Defendants' motion to dismiss, dismissing some claims with prejudice and granting Plaintiffs leave to amend those claims dismissed without prejudice. Doc. No. 20. The Court denied Defendants' motion to strike without prejudice based on its dismissal of all claims. Doc. No. 20.

Plaintiffs then filed the First Amended Complaint (FAC), and Defendants filed a motion to dismiss and a motion to strike the state law claims. Doc. No. 23. The Court granted in part and denied in part Defendants' motion to dismiss. Doc. No. 35. Regarding Plaintiffs' state law claims, the Court dismissed them all without prejudice and with leave to amend. The Court also denied Defendants' motion to strike the FAC's state law claims without prejudice, again based on the Court's dismissal of all state law claims. Doc. No. 35.

Subsequently, Plaintiffs filed the SAC.[2] Doc. No. 39. The SAC alleges First Amendment retaliation pursuant to 42 U.S.C. § 1983, and state law claims for violations of the Meyers-Milias-Brown Act ("MMBA") pursuant to California Government Code sections 3502 and 3506, and for defamation and false light. Defendants moved to dismiss the SAC pursuant to Rule 12(b)(6), and moved to strike all state law claims pursuant to California Code of Civil Procedure § 425.16. Doc. Nos. 42, 43. With respect to Plaintiffs' state law claims, the Court dismissed the MMBA claims with prejudice for failure to state a claim, and granted Defendants' motion to strike Plaintiffs' defamation and false light claims. *See* Doc. No. 50. Because the Court granted Defendants' motion to strike, the Court allowed Defendant to file the instant declaration supporting their request for fees and costs. *See* Doc. Nos. 50, 52.

## DISCUSSION

On June 12, 2017, defense counsel filed a brief declaration under penalty of perjury in support of Defendants' request for fees. Counsel requests a fee award in the amount of $16,100.00 for work that he and an associate completed. Counsel states that the associate attorney "did the majority of the work related to this motion to strike." *See* Doc. No. 52, ¶ 3. Also, counsel declares that the "firm researched and prepared motions to strike and motions to dismiss, as well as replies in support" as to each of the three iterations of the complaint filed over the course of this litigation. *See* Doc. No. 52, ¶ 5. Defense counsel states that the firm "has been paid more than $70,000.00 for the work done . . . <u>after</u> the complaint was filed." *See* Doc. No. 52, ¶ 5. He states, "[w]e prepared and submitted detailed and specific billing statements for our client, but we did not allocate our time to each of the various counts alleged in each complaint." *See* Doc. No. 52, ¶ 5. But, counsel states, "[i]t would be very difficult, if not impossible, to determine exactly how much time was spent evaluating, researching, and addressing the specific counts which have been stricken." *See* Doc. No. 52, ¶ 6. Thus, counsel "account[s] for

---

[2] The SAC omitted Joseph Bielma as a plaintiff, and Maritza Hurtado as a defendant.

the time attributed to the stricken defamation/false light claim by virtue of the occurrence and relationship of that stricken claim relative to the claims not stricken," as follows:

> The first two versions of plaintiffs' complaint each listed five counts, and the Second Amended Complaint listed three counts. Accordingly, the defamation/false light claim appeared three times and therefore accounts for 3/13 (or 23%) of the total claims addressed through defendants' several motions. 23% x $70,000.00 = $16,100.00. To be clear, what I am proposing is that it would be fair and reasonable to assume that 23% of the attorneys [sic] time spent on this matter <u>after</u> the complaint was filed has been devoted to addressing the defamation false light [sic] claim which has been stricken, and it would be reasonable for the court to require Plaintiffs to reimburse our clients for those fees.

*See* Doc. No. 52, ¶ 6.

Counsel declares that he was admitted to the California Bar in 1977, and has practiced law for 38 years. He attests that his associate has been practicing law since he was admitted to the California Bar in 1995. Regarding their rates, counsel declares:

> Prior to November of 2015, my billing rate on this file was $175 per hour, and after November 2015, my billing rate for this file has been $195 per hour. Prior to November of 2015, Mr. Borgen's billing rate on this file was $155 per hour, and after November 2015, his billing rate for this file has been $165 per hour.

*See* Doc. No. 52, ¶ 3. Counsel urges that "[b]ased on [his] experience, these rates are well within the range of reasonable for Southern California attorneys." *See* Doc. No. 52, ¶ 3.

Under California law, where California's anti-SLAPP statute provides for the attorneys' fee award, courts use the lodestar method to determine the award. *Ketchum v. Moses*, 17 P.3d 735, 744 (Cal. 2001). Under the lodestar method, courts first determine a lodestar amount based on a "careful compilation of the time spent and reasonable hourly

compensation of each attorney . . . involved in the presentation of the case." *See id.* at 741. Although the courts have discretion in determining fee awards, the determination of the lodestar figure is "so fundamental to arriving at an objectively reasonable amount," that "the exercise of that discretion must be based on the lodestar adjustment method." *Id.* (citing *Press v. Lucky Stores Inc.*, 667 P.2d 704 (1983)). Courts calculate the lodestar by multiplying the number of hours reasonably expended on the relevant matters by the reasonable hourly rate for similar work in the same community. *PLCM Grp. v. Drexler*, 997 P.2d 511, 518 (2000), *as modified* (June 2, 2000). "The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." *Id.* This procedure "ensur[es] that the amount awarded is not arbitrary." *Id.*

The party seeking fees bears the burden of demonstrating that the amount requested is reasonable. *De La Riva Const., Inc. v. Marcon Eng'g, Inc.*, No. 11-CV-52-MMA DHB, 2014 WL 794807, at *4 (S.D. Cal. Feb. 27, 2014). "[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *See Ketchum*, 17 P.3d at 741. "Although 'a fee request ordinarily should be documented in great detail,' the amount of required evidence will depend on the nature of the case." *See Computer Econ., Inc. v. Gartner Grp., Inc.*, No. 98-CV-0312 TW (CGA), 1999 WL 33178020, at *8 (S.D. Cal. Dec. 14, 1999) (quoting *Weber v. Langholz,* 39 Cal. App. 4th 1578, 1587 (1995)). While attorneys need not necessarily submit contemporaneous time records under California law, attorneys must provide sufficiently detailed documentation of services rendered and hours expended to ensure that trial courts are not "placed in the position of simply guessing at the actual value of the attorney[s'] services." *See Martino v. Denevi,* 182 Cal. App. 3d 553, 559 (1986).

Here, Defendants do not provide sufficient information for the Court to calculate the applicable lodestar figure. Specifically, the Court is unable to discern (1) the number of hours reasonably expended, or (2) the reasonable hourly rate for similar work in the

community.  Defendants do not specify the number of hours expended by counsel.  In order to fairly assess the fee request, the Court must determine the number of hours expended by each attorney on the issues presented in Defendants' motions to strike.  Regarding the reasonableness of the hourly rates provided, counsel states that the proffered rates "are well within the range of reasonable for Southern California attorneys."  *See* Doc. No. 52, ¶ 3.  While the rates appear quite reasonable, under California law, counsel must specify for what type of work those rates are reasonable, and must demonstrate that those rates are reasonable in the relevant market, for the same type of work.  Defendants do not provide the Court with this information.  For example, counsel states that the rates are reasonable in "Southern California," but the relevant market is San Diego.  *See De La Riva Const., Inc.*, 2014 WL 794807, at *5 ("Because Plaintiff litigated this action in San Diego, the San Diego legal community is the relevant market . . . .").

Further, the Court notes that Defendants "may recover fees and costs only for the motion to strike, not the entire litigation."  *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008).  Here, in order to satisfy their burden on a motion to strike, Defendants were required to make a "threshold showing" that the state law causes of action arose from protected activities.  *See Jarrow Formulas, Inc. v. LaMarche*, 31 Cal.4th 728, 733 (2003).  Then, the burden shifted to Plaintiffs to show probability of prevailing on the claims.  *Id.*  Accordingly, Defendants are only entitled to fees and costs related to hours expended researching and briefing those issues.  It can be difficult to accurately apportion hours expended on relevant issues, but it appears that the $16,100.00 requested by Defendants would necessarily include time spent on unrelated issues.

California law provides that a court cannot adequately determine the reasonableness of a fee request where the "only evidence presented in support of [a] motion for attorney fees [is] the attorney's request for a flat fee for 'services rendered,'" and where no documentation, "such as billing or time records, were submitted to the court, nor was an attempt made to explain, in more than general terms, the extent of

services rendered to the client." *See Computer Econ., Inc.*, 1999 WL 33178020, at *8 (quoting *Martino,* 182 Cal. App. 3d at 559–60). As such, the Court cannot award fees for "work unrelated to the anti-SLAPP motion," or "work that was unnecessary or duplicative or excessive in light of the issues fairly presented." *See 569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 440 (2016), *as modified on denial of reh'g* (Dec. 29, 2016). In this case, where the parties have litigated several motions to dismiss and motions to strike, the risk of inefficient or duplicative efforts is heightened, as is the need for thorough fee documentation.

In sum, the Court is unable to determine the reasonableness of Defendants' fee request. Any award based on the information provided by Defendants would necessarily be arbitrary. *See Martino,* 182 Cal. App. 3d at 558 ("[I]n the absence of such crucial information as the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf, the trial court is placed in the position of simply guessing at the actual value of the attorney's services.").

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' request for attorneys' fees. *See* Doc. No. 52.

**IT IS SO ORDERED.**

Dated: August 7, 2017

HON. MICHAEL M. ANELLO
United States District Judge