# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ALARCON, FRANK URIARTE, LUIS CASILLAS, STEVEN GARCIA, GERMAN DURAN, GABRIEL RODRIGUEZ, ISAIAS NAVARRO, AND STEPHEN FRAZIER,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BOSTIC, CITY OF CALEXICO, RICHARD WARNE, and GONZALO C. GERARDO,<br><br>Defendants. | Case No.: 15cv1606-MMA (RBM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Doc. No. 77] |

Plaintiffs Frank Uriarte, Rudy Alarcon, Luis Casillas, Steven Garcia, German Duran, Gabriel Rodriguez, Isaias Navarro, and Stephen Frazier (collectively, "Plaintiffs") bring this civil rights action alleging First Amendment retaliation against Defendants Michael Bostic, Richard Warne, Gonzalo C. Gerardo, and the City of Calexico (the "City") (collectively, "Defendants"), pursuant to Title 42, United States Code, section

1983.[1]  Doc. No. 39 ("SAC").  Specifically, Plaintiffs allege that Plaintiffs Alarcon, Uriarte, Casillas, Garcia, Duran, Rodriguez, and Frazier were terminated, and Plaintiff Navarro became the subject of an investigation, in retaliation for exercising their First Amendment rights of free speech and union activity.  *See* SAC ¶¶ 11, 55, 58.

Defendants now move for summary judgment on all claims brought by Plaintiffs Uriarte, Garcia, Duran, and Frazier (collectively, the "MSJ Plaintiffs").  Doc. No. 77-1 ("MSJ").  Plaintiffs filed a response in opposition to the motion [Doc. No. 83 ("Oppo.")] and Defendants' replied [Doc. No. 88 ("Reply")].  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1.  Doc. No. 89.  For the reasons set forth below, the Court **GRANTS** Defendants' motion.

## **MATERIAL FACTS**[2]

Following their termination from employment, the MSJ Plaintiffs exercised their rights to an administrative appeal of the City's termination decision.  Doc. No. 77-2, Defendants' Separate Statement of Material Undisputed Facts ("Defs. Facts") at 2-8; *see also* Doc. No. 77-27 ("Exhibit D"); Doc. No. 77-52 ("Exhibit I"); Doc. No. 77-57 ("Exhibit L").  The MSJ Plaintiffs each agreed on a presiding hearing officer,[3] were represented by counsel, and had multi-day hearings at which the parties were able to make an opening statement and arguments, submit documentary evidence, and examine and cross-examine witnesses under oath.  Defs. Facts at 2-8; *see* Doc. Nos. 77-20—77-24, 77-26—77-35, 77-52—77-55, 77-57.  Following the hearing, the parties to the administrative proceedings all had the opportunity to submit a brief with argument, and

---

[1] On May 26, 2017, the Court dismissed and struck all of Plaintiffs' other causes of action, leaving only Plaintiffs' First Amendment retaliation claim.  Doc. No. 50 at 16, 29.
[2] These material facts are taken from Defendants' statement of undisputed facts, Plaintiffs' response, and Defendants' reply, as well as pertinent cited exhibits.  The Court has omitted facts which are not material to the issues presented in the instant motion for summary judgment.
[3] The parties also refer to the hearing officers as arbitrators.  For purposes of consistency, the Court refers to them as hearing officers.

the hearing officer issued a written statement of decision adverse to the MSJ Plaintiffs. Defs. Facts at 2-8; Doc. Nos. 77-25, 77-36, 77-56. Each proceeding was subject to judicial review via a petition for writ of mandate pursuant to California Code of Civil Procedure § 1094.5. Defs. Facts at 2-8. The MSJ Plaintiffs have not pursued a petition for writ of mandate to challenge the denials of their administrative appeals. *Id.* Defendants contend the time to file a petition for writ of mandate has passed, rendering the administrative decisions final. *Id.* Plaintiffs contend that the time to file a petition for writ of mandate has not yet passed, and as a result, the decisions are not final. Doc. No. 84, Plaintiffs' Statement of Genuine Issues in Opposition to Motion for Summary Judgment ("Pls. Facts") at 5, 8, 13.

## **LEGAL STANDARD**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of establishing the basis of its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A fact is material if it could affect the outcome of the suit under applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id.* The party opposing summary judgment cannot "'rest upon the mere allegations or denials of [its] pleading' but must instead produce evidence that 'set[s] forth specific facts showing that there is a

genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008), cert. denied, 555 U.S. 827 (2008) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Defendants' argue that the MSJ Plaintiffs' claims are "barred by the preclusive effect of their unsuccessful state administrative appeals of their terminations." MSJ at 9. Pursuant to 28 U.S.C. §1738, federal courts must "give the same preclusive effect to state court judgments as they would be given in the state in which they were rendered." *Miller v. Cnty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994). Although § 1738 does not contemplate unreviewed state administrative decisions, such decisions may have a preclusive effect in federal court as a matter of federal common law, so long as they meet the fairness requirements described in *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966). *See id.*; *see also Univ. of Tennessee v. Elliott*, 478 U.S. 788, 794 (1986)). Accordingly, the Court must determine whether the administrative decisions at issue in this case have preclusive effect, and if so, whether the MSJ Plaintiffs' claims are precluded pursuant to California law.

### A. Preclusive Effect

Under *Utah Construction*, it is fair to give preclusive effect to an administrative decision if (1) the administrative agency acted in a judicial capacity; (2) the agency "resolv[ed] disputed issues of fact properly before it;" and (3) "the parties . . . had an adequate opportunity to litigate." *Utah Constr.*, 384 U.S. at 422. Once satisfied that an administrative proceeding is sufficiently judicial in character pursuant to *Utah Construction*, federal courts turn to the state's rules of preclusion to define the preclusive effect of the administrative decision. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012); *Eaton v. Siemens*, No. 2:07-CV-00315-MCE-CKD, 2012 WL 1669680, at *5 (E.D. Cal. 2012), *aff'd*, 571 Fed. App'x 620 (9th Cir. 2014).

Here, the parties do not dispute that the administrative proceedings were sufficiently judicial in character.[4] *See* MSJ; *see also* Oppo. In any event, the Court finds that the *Utah Construction* requirements are met. According to the undisputed material facts, the MSJ Plaintiffs each agreed to use a particular hearing officer for their administrative appeals, were represented by counsel at the hearing, and had the opportunity to make an opening statement, introduce evidence, and to examine and cross-examine witnesses at their hearings. Pls. Facts at 2-13. Also, a court reporter recorded a verbatim transcript of the hearing. *Id.* Following each of the hearings, the MSJ Plaintiffs each submitted a brief with closing arguments. *Id.* Further, the hearing officer in each administrative appeal issued a written decision and award denying each of the MSJ Plaintiffs' administrative appeals. *Id.* As such, the administrative decisions at issue here meet the requirements laid out in *Utah Construction* and may be given preclusive effect. *See Miller*, 39 F.3d at 1032-38 (holding that an unreviewed administrative determination can meet the *Utah Construction* fairness requirements).

## B. Claim Preclusion

Claim preclusion, which may also be referred to as res judicata, dictates that "'a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *White*, 671 F.3d at 926 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)). In other words, "[r]es judicata bars the litigation not only of issues that were actually litigated but also issues that *could have been* litigated." *See Fed'n of Hillside & Canyon Ass'ns v. City of Los*

---

[4] The Court takes judicial notice pursuant to Federal Rule of Evidence 201 of the hearing transcripts, closing briefs, and decisions in the administrative appeals related to the MSJ Plaintiffs' prior administrative proceedings. *See* Doc. No. 77-3, Defendants' Request for Judicial Notice ("DRJN"); *see also United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate of records and reports of administrative bodies."). The Court **DENIES** Defendants' request to judicially notice the remaining documents because it did not rely on these documents in ruling on the instant motion. *See* DRJN; *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding that judicial notice is inappropriate where the facts to be noticed are not relevant to the disposition of the issues before the court).

*Angeles*, 126 Cal. App. 4th 1180, 1202 (Ct. App. 2004) (emphasis added). Under California law, two proceedings address the same claim if they arise out of the same "primary right," which is "the right to be free from a particular injury, regardless of the legal theory on which liability for the injury is based." *Id.* In addition to identity of claims, in order for res judicata to apply, "the decision in the prior proceeding [must be] final and on the merits" and "the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Id.*; *see Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009).

Plaintiffs contend res judicata does not bar the MSJ Plaintiffs' claims. Specifically, Plaintiffs contend the claims in this case and the administrative appeals do not arise from the same primary right, in part because the hearing officers lacked jurisdiction to decide Plaintiffs' constitutional civil rights claims, and argue that the decisions are not final. *See generally,* Oppo. Plaintiffs do not contest, nor can they, that the parties in the present proceeding were parties or persons in privity with parties in the prior proceedings. *See id.* As such, the Court determines whether the same primary right is at stake in the administrative appeals and this case, and whether the administrative decisions are final for purposes of res judicata.

### 1. *Primary Right*

"California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004). Under this theory "a 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002). "The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action." *Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) (citing *Slater v. Blackwood*, 15 Cal. 3d 791, 795 (1975)). Thus, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a

later date." *Mycogen Corp.*, 28 Cal. 4th at 897. "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'" *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1174 (1983)).

Each of the MSJ Plaintiffs alleged they were wrongfully terminated in the underlying administrative appeals. Plaintiff Uriarte alleged he was wrongfully terminated based on 89 allegations relating to overtime abuse. *See* Exhibit D. Plaintiff Duran alleged he was wrongfully terminated based on 129 allegations of misconduct relating to violations of department policy regarding overtime abuse and by making false and misleading statements during a work-related investigation interview. *See* Exhibit I. Plaintiffs Frazier and Garcia alleged they were wrongfully terminated based on an investigative report outlining their violations of several department policies relating to use of force, disciplinary policy, report preparation, and police officer personnel files. *See* Exhibit L. In each administrative proceeding, the hearing officer specified that the issue was whether there was just cause for termination of the employment of the MSJ Plaintiffs and, if not, what the remedy shall be. Exhibits D at 2, I at 10, L at 22. In this case, the MSJ Plaintiffs again assert that they were wrongfully terminated, although this time they contend they were terminated in retaliation for exercising their First Amendment rights. *See* SAC.

Plaintiffs argue their administrative appeals and this case do not share a primary right because the appeals did not determine the motives for their terminations. Oppo. at 8-9. Plaintiffs cite *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096 (9th Cir. 2014), in support of their position that separate primary rights are involved. *See* Oppo. at 8-9. In *Avila*, the City argued *issue preclusion* barred the plaintiff's Fair Labor Standards Act retaliation claim because an administrative agency's prior decision found the plaintiff guilty of insubordination and recommended termination. *Avila*, 758 F.3d at 1099-100.

7

The Ninth Circuit concluded the issue was not precluded because "the agency had not determined the *motive* for the disciplinary action." *Id.* at 1100. However, the court in *Avila* analyzed issue preclusion, not res judicata. *See id.* (noting that the City was "urging issue preclusion"); *see also* MSJ at 19 (stating that "res judicata bars the second proceeding"). While res judicata precludes a party from relitigating issues that were or *could have been* raised in an action, issue preclusion precludes a party from relitigating a particular issue that was litigated in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Parklane Hoisiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). Because Defendants raise res judicata, *Avila* is inapposite. *See* Reply at 3.

Here, the Court finds that the primary right at stake during the underlying administrative proceedings—the right to employment—is at stake here. Specifically, in both the underlying administrative appeals and the instant action, the MSJ Plaintiffs allege that they were wrongfully terminated. In other words, the harm for which the MSJ Plaintiffs seek redress for here is identical to the harm at issue in the underlying administrative proceedings—loss of employment. *See Eaton*, 2012 WL 1669680, at *6 (finding a prior arbitrator's decision barred the plaintiff's § 1983 action based on the Equal Protection Clause because "[w]hile [the] [p]laintiff has presented the court with a new *theory* for recovery by invoking the equal protection clause and [§] 1983, he has not alleged a new harm," and "[a]s such, California's doctrine of *res judicata* precludes [the] [p]laintiff's present [§] 1983 action"); *Miller*, 39 F.3d at 1034-35 (finding that an agency's decision to sustain the County Sheriff's Department's termination of the plaintiff precluded the plaintiff's § 1983 action because the plaintiff only restated his wrongful termination contentions in constitutional terms); *Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896, 908 (Ct. App. 1992) (giving preclusive effect to the unreviewed findings of an administrative agency upholding the plaintiff's termination for disobeying a direct order to appear to work in a uniform because the plaintiff's allegations of federal civil rights violations only restated her cause of action for wrongful

8

15cv1606-MMA (RBM)

termination in constitutional terms and finding that the same primary right—the right to continued employment—was at stake in both actions).

Plaintiffs also contend there was "no room for litigation of any constitutional retaliation claim" in the administrative appeals. Oppo. at 11. Courts "deny preclusive effect, in general, when the adjudicator lacks jurisdiction to determine an issue . . . ." *Miller*, 39 F.3d at 1038. However, the Ninth Circuit has applied res judicata and collateral estoppel to factually similar cases, where police officers were terminated and a hearing officer determined there was just cause for the termination and/or that specific policies were violated. *See generally, Eaton v. Siemans*, 571 Fed. App'x 620 (9th Cir. 2014); *Miller*, 39 F.3d 1030. Further, a California court specifically contemplated this argument and concluded that "'[t]here can be no justification for [the] plaintiff's position that she should be permitted to fail to assert at the administrative hearing constitutional and civil rights violations as reasons that made her termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the court those reasons, and then be allowed to recover damages in this . . . action that resulted from termination of her employment alleged to be wrongful based on those same reasons.'" *Swartzendruber*, 3 Cal. App. 4th at 909 (quoting *Takahashi v. Bd. of Ed.*, 202 Cal. App. 3d 1464, 1485 (Ct. App. 1988), *cert. denied*, 490 U.S. 1011 (1989)). As such, Plaintiffs' attorneys could have raised retaliation as a defense had they chosen to do so, and Plaintiffs have not set forth any specific facts controverting this. *See Gayle v. Cnty. of Marin*, No. C 04-2584 CW, 2005 WL 3302860, at *5 (N.D. Cal. 2005).

Accordingly, the Court finds that the same cause of action was at issue in each of Plaintiffs' underlying administrative appeals and the instant federal action.

### 2. *Final Judgment*

Under California law, a decision is not final for res judicata purposes where it is "still open to direct attack by appeal or otherwise." *See Nat'l Union Fire Ins. Co. v. Stites Prof'l Law Corp.*, 235 Cal. App. 3d 1718, 1726 (Ct. App. 1991), *modified* (Nov. 20, 1991). In other words, a decision is not final if the time for filing an appeal or

petitioning for a writ of mandate have not yet expired, or if either an appeal or a petition for a writ of mandate have been filed and are currently pending. *See San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

Plaintiffs argue that the administrative decisions are not final because the administrative agency did not comply with the provisions of California's Civil Procedure Code § 1094.6(f), which states that in making a final decision, the agency "shall provide notice to the party that the time within which judicial review must be sought" is governed by this section, which in § 1094.6(b) imposes a ninety-day statute of limitations after a final decision is rendered. *See* Oppo. at 7-8. Cal. Civ. Proc. Code § 1094.6(b), (f). Defendants have not provided evidence that Plaintiffs received notice of the ninety-day statute of limitations for filing a petition for writ of mandate.[5] However, this does not mean Plaintiffs are not subject to the administrative decisions. While *Cummings v. City of Vernon*, 214 Cal. App. 3d 919, 922 (Ct. App. 1989) held that an employer's decision does not become final unless notice pursuant to § 1094.6(f) is given, another more recent case, *El Dorado Palm Springs Ltd. v. Rent Review Comm'n*, 230 Cal. App. 3d 335, 344-47 (Ct. App. 1991), *rev. denied*, August 29, 1991, held that § 1094.6(f) means only that without notice, the strict ninety-day statutory period is tolled. According to *El Dorado*, where the aggrieved party does not receive notice, the case is instead governed by the doctrine of laches. *El Dorado*, 230 Cal. App. 3d at 347.

The reasoning in *El Dorado* "is a better view because it does not insulate decisions from judicial review simply because notice of the statute of limitations is not given." *Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1211 (E.D. Cal. 2006). Moreover, this view is consistent with *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68

---

[5] Instead, Defendants argue that they have provided sufficient evidence because the MSJ Plaintiffs' failed to timely deny requests for admission stating that more than ninety-days have passed since the final decisions were issued and that the MSJ Plaintiffs have not filed petitions for writ of mandate. *See* Reply at 2. This misses Plaintiffs' argument and, as a result, the Court declines to address the timeliness of discovery responses.

(2000), where the California Supreme Court indicated "that the doctrine of laches, and not the ninety-day time limit expressed in § 1094.6, governed the case because the public agency employer did not notify the plaintiff employee in that case of the ninety-day period." *Garcia*, 418 F. Supp. 2d at 1211 (citing *Johnson*, 24 Cal. 4th at 68).

Here, the administrative decisions were signed more than a year ago. The decision in Plaintiffs Frazier's and Garcia's administrative appeals was signed September 9, 2017; the decision in Plaintiff Duran's administrative appeal was signed November 13, 2016; and the decision in Plaintiff Uriarte's administrative appeal was signed August 17, 2016. Exhibits D, I, L. Plaintiffs failed to bring any administrative mandamus actions challenging those decisions and have not articulated any factual or legal argument for their failure to pursue that remedy. Plaintiffs' failure to file such petitions and insistence that the decisions are not yet final, despite having received notice of the decisions, is unreasonable. *See* Pls. Facts at 4, 8, 12 (indicating that it is undisputed that the hearing officers each issued decisions adverse to the MSJ Plaintiffs). They "may not now seek to invoke a belated, parallel attack on the absent state court proceedings." *See Hale v. Vacaville Hous. Auth.*, No. 2:09-cv-00391-JAM-PS, 2010 WL 4942638, at *5 (E.D. Cal. Nov. 30, 2010) (citing *Kenneally v. Lungren*, 967 F.2d 329, 323-33 (9th Cir. 1992) (holding that California's writ of mandate procedure "provides a meaningful opportunity for [the federal plaintiff] to present his constitutional claims for independent judicial review prior to the [agency's] decision becoming effective").

Further, "California courts would give preclusive effect to the [hearing officers'] decision[s] because [Plaintiffs] did not timely seek mandamus review of [those] decision[s] under [§] 1094.5." *Id.* (citing *Swartzendruber*, 3 Cal. App. 4th at 903 (holding that a public employee seeking to challenge a disciplinary action on, inter alia, federal constitutional grounds, must first seek § 1094.5 mandamus review in state court). Thus, California courts would find that the administrative decisions are final state court judgments. *Id.*; *see Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 650-51 (9th Cir. 1988); *Briggs v. City of Rolling Hills Estates*, 40 Cal. App. 4th 637, 647-49 (Ct. App.

1995). Therefore, the decisions in the MSJ Plaintiffs' administrative appeals are final judgments on the merits for purposes of res judicata.

C. **Conclusion**

In summation, Defendants have shown that the decisions in the MSJ Plaintiffs' administrative appeals are final judgments that foreclose litigation of their claims in this case. *See White*, 671 F.3d at 926. Defendants have shown that the underlying administrative proceedings and this case arise out of the same primary right, the prior proceedings are final and on the merits, and that the parties are identical or in privity with one another in this case and the prior proceedings. *See Cell Therapeutics*, 586 F.3d at 1212 (outlining the elements of res judicata).

## CONCLUSION

Based on the foregoing, the Court finds that Defendants have shown there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law on Plaintiffs Uriarte's, Garcia's, Duran's, and Frazier's claims because they are barred by res judicata. Accordingly, the Court **GRANTS** Defendants' motion. The Clerk of Court is instructed to terminate this action as to Plaintiffs Frank Uriarte, Steven Garcia, German Duran, and Stephen Frazier.

**IT IS SO ORDERED**.

Dated: December 6, 2018

Hon. Michael M. Anello
United States District Judge