**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUDY ALARCON, FRANK URIARTE, LUIS CASILLAS, STEVEN GARCIA, GERMAN DURAN, GABRIEL RODRIGUEZ, ISAIAS NAVARRO, AND STEPHEN FRAZIER,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BOSTIC, CITY OF CALEXICO, RICHARD WARNE, and GONZALO C. GERARDO,<br><br>Defendants. | Case No.: 15cv1606-MMA (RBM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO ENTER FINAL JUDGMENTS UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(B)**<br><br>[Doc. No. 92] |

Currently before the Court is Defendants Michael Bostic, Richard Warne, City of Calexico, and Gonzalo C. Gerardo's (collectively, "Defendants") unopposed motion for entry of partial final judgments. Doc. No. 92. Specifically, Defendants request entry of final judgment on the following claims: (1) judgment in favor of Maritza Hurtado, denying the claims of all Plaintiffs; (2) judgment denying the claims of Joe Bielma as against all Defendants; (3) judgment denying the claims of Frank Uriarte as against all Defendants; (4) judgment denying the claims of Steven Garcia as against all Defendants; (5) judgment denying the claims of Stephen Frazier as against all Defendants; and (6) judgment denying the claims of German Duran as against all Defendants. Doc. No. 92-1

1

("Mtn.") at 2. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **GRANTS** the unopposed motion.

## PROCEDURAL BACKGROUND

On July 20, 2015, Plaintiffs Joseph Bielma, Frank Uriarte, Rudy Alarcon, Luis Casillas, Steven Garcia, German Duran, Gabriel Rodriguez, Isaias Navarro, and Stephen Frazier filed this action against Defendants Michael Bostic, City of Calexico, Richard Warne, Gonzalo C. Gerardo, and Maritza Hurtado alleging numerous causes of action. Doc. No. 1. Defendants moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and moved to strike the state law claims pursuant to California Code of Civil Procedure § 425.16. Doc. Nos. 7, 8, 9. The Court granted Defendants' motion to dismiss, dismissing some claims with prejudice and granting Plaintiffs leave to amend those claims dismissed without prejudice. Doc. No. 20. The Court denied Defendants' motion to strike without prejudice. *Id.*

Plaintiffs then filed the First Amended Complaint ("FAC"), and Defendants filed a motion to dismiss and a motion to strike the state law claims. Doc. Nos. 23, 28, 29. The Court granted in part and denied in part Defendants' motion to dismiss. Doc. No. 35. Relevant here, the Court dismissed Plaintiff Bielma's First Amendment retaliation claims as to all Defendants with prejudice and without leave to amend, and dismissed all First Amendment retaliation claims against Defendant Hurtado with prejudice and without leave to amend. The Court also denied Defendants' motion to strike the FAC's state law claims without prejudice. Doc. No. 35.

Subsequently, Plaintiffs Uriarte, Alarcon, Casillas, Garcia, Duran, Rodriguez, Navarro, and Frazier filed the operative Second Amended Complaint ("SAC"), alleging claims against Defendants Bostic, Warne, Gerardo, and the City of Calexico. Doc. No. 39. The SAC alleges First Amendment retaliation pursuant to 42 U.S.C. § 1983, violations of the MMBA pursuant to California Government Code sections 3502 and 3506, defamation, and false light. Defendants moved to dismiss the SAC pursuant to

Rule 12(b)(6), and to strike the state law claims pursuant to California Code of Civil Procedure § 425.16. Doc. Nos. 42, 43. The Court dismissed with prejudice Plaintiffs' claims premised on violations of the MMBA and struck Plaintiffs' defamation and false light claims. Doc. No. 50 at 16, 29.

On October 23, 2018, Defendants moved for summary judgment on all claims brought by Plaintiffs Uriarte, Garcia, Duran, and Frazier.[1] Doc. No. 77. The Court granted Defendants' motion and instructed the Clerk of Court to terminate the action as to Plaintiffs Uriarte, Garcia, Duran, and Frazier. Doc. No. 91.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Courts conduct a two-part inquiry in determining whether to enter an appealable final judgment pursuant to Rule 54(b): (1) the judgment must be final with respect to one or more claims; and (2) "the district court must go on to determine whether there is any just reason for delay." *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). "Not all final judgments on individual claims should be immediately appealable" and "[i]t is left to the sound discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Id.* at 8.

## DISCUSSION

A judgment is final for purposes of Rule 54(b) when it "terminates the litigation between the parties . . . and leaves nothing to be done but to enforce by execution what

---

[1] Defendants did not move for summary judgment on all claims brought by Plaintiffs Alarcon, Casillas, Rodriguez, or Navarro.

has been determined." *Parr v. United States*, 351 U.S. 513, 518 (1956). Here, the Court granted Defendants' motion to dismiss Defendant Hurtado and all claims brought by Plaintiff Bielma with prejudice. Doc. No. 50. More recently, the Court determined the claims brought by Plaintiffs Uriarte, Garcia, Duran, and Frazier are precluded by the doctrine of res judicata and, therefore, granted partial summary judgment in favor of Defendants. Doc. No. 91. Accordingly, there is "nothing to be done [on those claims] but to enforce by execution what has been determined." *See Parr*, 351 U.S. at 518. As such, the Court's orders dismissing Defendant Hurtado and all claims brought by Plaintiff Bielma with prejudice and granting summary judgment against Plaintiffs Uriarte, Garcia, Duran, and Frazier, are final under Rule 54(b). *See Curtiss-Wright Corp.*, 446 U.S. at 7 (explaining that a judgment is final when it constitutes an "ultimate disposition of an individual claim entered in the course of a multiple claims action").

To determine whether any just reason for delay exists, the Court takes into account judicial administrative interests and the equities involved. *Id.* at 8. The Court should "consider such factors as whether the claims under review [a]re separable from others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* Courts should preserve "the historic federal policy against piecemeal appeals." *Id.*

Here, disposition of the remaining claims will involve facts and legal theories different from those on which the Court would enter Rule 54(b) judgment. The Court dismissed with prejudice Defendant Hurtado and all claims brought by Plaintiff Bielma for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and granted summary judgment against Plaintiffs Uriarte, Garcia, Duran, and Frazier under the doctrine of res judicata. *See* Doc. Nos. 50, 91. The remaining claims, also First Amendment retaliation claims pursuant to 42 U.S.C. § 1983, turn on unrelated issues— whether Plaintiffs' claims are meritorious as opposed to whether they sufficiently state a claim or are precluded based on prior final judgments. *See Noel v. Hall*, 568 F.3d 743,

747 (9th Cir. 2009) (noting that Rule 54(b) does not require the issues raised on appeal to be completely distinct from the rest of the action, "so long as resolving the claims would 'streamline the ensuing litigation'"). In any event, and as noted by Defendants, "[t]o recover in this matter, each Plaintiff in this case would have to prove his own independent cause[s] of action based on his own individual circumstances." Doc. No. 92-1 at 4. As a result, entry of partial judgment as to these parties "is sufficiently divisible from the other claims such that the 'case would [not] inevitably come back to this court on the same set of facts.'" *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005)). Moreover, the risk that the Ninth Circuit will be burdened with piecemeal appeals is minimal, given that Defendants are moving for entry of partial judgment on claims in their favor. Accordingly, the Court finds that there is no just reason to delay entry of judgment on the six sets of claims at issue.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion. The Clerk of Court is instructed to enter final judgment against Plaintiffs Bielma, Uriarte, Garcia, Duran, and Frazier, and for Defendant Hurtado.

**IT IS SO ORDERED**.

Dated: March 12, 2019

Hon. Michael M. Anello
United States District Judge