# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ALARCON, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL BOSTIC, *et al.* <br><br> Defendants. | Case No.: 15cv1606-MMA (RBM) <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> [Doc. No. 103] |

Plaintiffs Frank Uriarte, Rudy Alarcon, Luis Casillas, Steven Garcia, German Duran, Gabriel Rodriguez, Isaias Navarro, and Stephen Frazier (collectively, "Plaintiffs") bring this civil rights action alleging First Amendment retaliation against Defendants Michael Bostic, Richard Warne, Gonzalo C. Gerardo, and the City of Calexico (the "City") (collectively, "Defendants"), pursuant to Title 42, United States Code, section 1983. Doc. No. 39 ("SAC"). Specifically, Plaintiffs allege that Plaintiffs Alarcon, Uriarte, Casillas, Garcia, Duran, Rodriguez, and Frazier were terminated, and Plaintiff Navarro became the subject of an investigation, in retaliation for exercising their First Amendment rights of free speech and union activity. *See* SAC ¶¶ 11, 55, 58. The Court previously entered summary judgment in favor of Defendants on Plaintiffs Uriarte, Garcia, Duran, and Frazier's claims. Doc. No. 91 ("MSJ Order").

Plaintiffs Duran, Uriarte, and Frazier (collectively, "moving Plaintiffs") now move for a "new trial." Doc. No. 103-1 ("Mtn."). Defendants filed a response in opposition [Doc. No. 123 ("Oppo.")], to which moving Plaintiffs replied [Doc. No. 124 ("Reply")]. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 126. For the reasons set forth below, the Court **DENIES** moving Plaintiffs' motion.

## RELEVANT BACKGROUND

Following their termination from employment, moving Plaintiffs exercised their rights to an administrative appeal of the City's termination decision. Doc. Nos. 77-2 at 2-8; 77-27; 77-52; 77-57. They each agreed on a presiding hearing officer, were represented by counsel, and had multi-day hearings at which the parties were able to make an opening statement and arguments, submit documentary evidence, and examine and cross-examine witnesses under oath. Doc. Nos. 77-2 at 2-8; 77-20—77-24; 77-26—77-35; 77-52—77-55; 77-57. Following the hearing, the parties to the administrative proceedings all had the opportunity to submit a brief with argument, and the hearing officer/arbitrator issued a written decision finding just cause existed to terminate the moving Plaintiffs. Doc. Nos. 77-2 at 2-8; 77-25; 77-36; 77-56. Each proceeding was subject to judicial review via a petition for writ of mandate pursuant to California Code of Civil Procedure § 1094.5. Doc. No. 77-2 at 2-8. Plaintiffs Duran and Frazier have not pursued a petition for writ of mandate to challenge the denials of their administrative appeals, but Plaintiff Uriarte filed a petition for writ of mandate on April 2, 2019.[1] *Id.*; Doc. No. 124-1.

On December 6, 2018, the Court granted Defendants' motion for partial summary judgment and found that pursuant to the doctrine of res judicata moving Plaintiffs'

---

[1] The Court **GRANTS** the moving Plaintiffs' request to judicially notice Plaintiff Uriarte's petition for writ of mandate. *See United States ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings in other courts).

administrative appeals barred their § 1983 First Amendment retaliation claims.  MSJ Order.  On March 12, 2019, the Court entered judgments on moving Plaintiffs' claims.  Doc. No. 96.  Now, moving Plaintiffs ask the Court to reconsider its order granting Defendants' partial motion for summary judgment and to vacate the judgments on their claims.  Mtn.

## **LEGAL STANDARD**

Pursuant to Federal Rules of Civil Procedure 59(a)(1)(B) and 60(b)(6), moving Plaintiffs seek a "new trial" and ask the Court to vacate the judgments entered after ruling on Defendants' motion for partial summary judgment.  Mtn. at 12.  The new trial motion is procedurally inappropriate.  Rule 59(a)(1)(B) governs action after nonjury trials.  Fed. R. Civ. P. 59(a)(1)(B).  There was no trial here.  *See* Docket.  The judgments the moving Plaintiffs' seek to vacate were entered as a result of motions to dismiss and a motion for partial summary judgment.  As such, the appropriate procedural device for seeking reconsideration is Rule 59(e) or Rule 60(b).  *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) ("[A] motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)."); *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989) (same); *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1129 (E.D. Cal. 2001) (same).[2]  Therefore, the Court construes the motion as a motion for reconsideration.

A motion for reconsideration may be brought under Federal Rules of Civil Procedure 59(e) or 60(b).  A motion is treated as a motion to alter or amend judgment

---

[2] As such, there is Ninth Circuit precedent establishing motions for reconsideration on summary judgment orders are properly brought under Rules 59(e) or 60(b).  *See* Reply at 2-3 (contending no Ninth Circuit precedent finds Rule 59(a) improper to challenge summary judgment orders).  There are also several cases construing motions for a new trial under Rule 59(a)(1)-(2) challenging orders on summary judgment as motions for reconsideration under Rules 59(e) or 60(b).  *See Johnson v. PNC Mortg.*, No. 14-cv-02976-LB, 2016 U.S. Dist. LEXIS 70800, at *2 (N.D. Cal. May 31, 2016); *Ericsson, Inc. v. Cont'l Promotion Group, Inc.*, No. CV 03-00375-PHX-JAT, 2006 U.S. Dist. LEXIS 44701, at *4 (D. Ariz. June 27, 2006).

3

under Rule 59(e) if it is filed within twenty-eight days of entry of judgment or the ruling; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Here, the Order was filed on December 6, 2018, but judgments were not entered until March 12, 2019. MSJ Order; Doc. No. 96. The motion, which was filed on April 5, 2019, asks the Court to vacate the judgments because "it was error to grant summary judgment against [moving Plaintiffs]." *See* Mtn at 8. Accordingly, Plaintiffs' motion is properly brought under Rule 59(e) as it was filed within twenty-eight days of entry of the judgments. *See Am. Ironworks & Erectors, Inc.*, 248 F.3d at 898-99.

Pursuant to Rule 59(e), district courts have the power to reconsider a previous ruling or entry of judgment. Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a previous ruling or judgment if "'(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

### DISCUSSION

Moving Plaintiffs argue reconsideration is warranted because the Court committed "a manifest error of law" and there is "newly discovered evidence." Reply at 3. The gravamen of their motion is that California law "would not preclude [moving] Plaintiffs from filing this § 1983 action after the final decision on the[ir] administrative appeals." Mtn. at 28. Specifically, moving Plaintiffs argue the Court: (1) should have applied *Brosterhous v. State Bar*, 12 Cal. 4th 315 (1995) to determine whether the administrative proceedings were of sufficient judicial character; (2) erred in finding the same primary rights were at stake in the administrative proceedings and the instant action; and (3) erred in precluding moving Plaintiffs' claims because the administrative determination of just cause leaves undecided the merits of their § 1983 claims. *See* Mtn. Finally, in reply,

moving Plaintiffs argue for the first time that there is "newly discovered evidence" that Plaintiff Uriarte's administrative decision is not final. Reply at 3.

As an initial matter, motions for reconsideration pursuant to Rule 59(e) may not be used to relitigate issues already decided by the Court or to raise arguments "'that could have been raised prior to entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted). Many of moving Plaintiffs' arguments could have been raised in opposition to Defendants' motion for partial summary judgment. For example, the moving Plaintiffs did not cite to *Brosterhous* in their opposition. *See* Doc. No. 83. Further, Plaintiffs raised the same arguments regarding the hearing officers' lack of jurisdiction and differing primary rights in their opposition. *See id.* at 8-11. Nonetheless, the Court considers their contentions.

## A.     The *Brosterhous* Holding

According to moving Plaintiffs, *Brosterhous* held that "no administrative adjudication has preclusive effect on a § 1983 claim." Mtn. at 8. That is not the holding of *Brosterhous*. The California Supreme Court explained that "[w]hether the arbitrator's decision is a basis for claim preclusion, even though arbitration under the State Bar's rules is not voluntary, . . . [is a] question[] that must be resolved at a later stage[.]"[3] *Brosterhous*, 12 Cal. 4th at 322-23 n.3. The court noted that "a final decision in an administrative adjudication may be given res judicata or collateral estoppel effect in a subsequent judicial proceeding if the issues were identical in the administrative proceeding" and "if the agency was acting in a judicial capacity and resolve disputed issues of fact which the parties had adequate opportunity to litigate." *Id.* at 324. "Assuming arguendo that the State Bar arbitration was equivalent to an administrative adjudication," the court stated it still could not determine on the face of the complaint

---

[3] Moving Plaintiffs incorrectly contend that *Brosterhous* held that only voluntary administrative proceedings on a § 1983 claim can have preclusive effect. Reply at 4; *see Brosterhous*, 12 Cal. 4th at 322 n.3.

5

"that the issues in the State Bar arbitration were identical, or were issues that plaintiffs had an adequate opportunity to litigate in the arbitration." *Id.*

The California Supreme Court was concerned with the preclusive effect of mandatory arbitration proceedings in subsequent § 1983 actions given three United States Supreme Court cases. *See id.* at 326-34 (analyzing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), *Barrentine v. Ark.-Best Freight System*, 450 U.S. 728 (1981), and *McDonald v. West Branch*, 466 U.S. 284 (1984)). However, "[t]he concerns underlying the Supreme Court's decisions in *Alexander*, *Barrentine* and *McDonald* do not apply when [the underlying] arbitration findings are given preclusive effect in state common law actions. There is no policy reason to forbid collateral estoppel in such cases, so long as the basic criteria for applying that doctrine are met and the arbitration was judicial in character." *Kelly v. Vons Cos., Inc.*, 67 Cal. App. 4th 1329, 1138-39 (Ct. App. 1998). As such, arbitration proceedings may be given preclusive effect if they are sufficiently judicial. *See Brosterhous*, 12 Cal. 4th at 335 (contemplating that the underlying arbitration proceeding may have been sufficiently judicial under *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), but that it could not make that determination at the demurrer stage).

The argument that administrative proceedings can never have preclusive effect in § 1983 actions is also inconsistent with Ninth Circuit and California case law finding that arbitration and other types of administrative proceedings do preclude § 1983 actions. *See* Mtn. at 13-16, 18, 19-21; *see also Eaton v. Siemens*, 571 Fed. App'x 620, 621 (9th Cir. 2014) (precluding a terminated police officer's constitutional claims pursuant to § 1983 where the underlying advisory arbitration proceeding possessed the requisite judicial character); *White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (holding that California's doctrines of issue and claim preclusion prevent federal courts from hearing § 1983 claims arising out of a public entity terminating an employee where the issues were previously litigated in an advisory arbitration proceeding that possessed the requisite judicial character); *Santa Clarita Athletic Club v. City of Santa Clarita*, No.

B214041, 2010 Cal. App. Unpub. LEXIS 7245, at *16 (Ct. App. Sept. 13, 2010) (stating that "the principles of preclusion by res judicata and collateral estoppel apply to alleged violations of federal civil rights statutes, including section 1983, when the complainant fails to pursue judicial review of administrative determinations by writ of mandate").[4] As a result, it was not error for the Court to give preclusive effect to the administrative proceedings under the *Brosterhous* holding.

## B. The Appropriate Legal Standard

Moving Plaintiffs next argue that the Court erred in applying *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394 (1966) to determine whether the administrative proceedings were judicially adequate. Mtn. at 13-14. They contend the Court should have applied *Brosterhous* to make that determination. *Id.* at 13. The Ninth Circuit has held that California has adopted the *Utah Construction* standard. *See Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1155 (9th Cir. 2018) ("Because California has adopted the *Utah Construction* standard, we give preclusive effect to a state administrative decision if the California courts would do so."); *White*, 671 F.3d at 928 n.2 (9th Cir. 2012) ("California's 'judicial character' test is substantially the same as the Supreme Court's test for determining whether a federal court should give an unreviewed state administrative proceeding preclusive effect under the federal common law."). Thus, the Court did not err in applying *Utah Construction*.

In any event, the Court would have come to the same conclusion had it applied California's judicial character test, as opposed to the substantially similar test in *Utah Construction*. "Under California law, a prior administrative proceeding, if upheld on review (or not reviewed at all), will be binding in later civil actions to the same extent as a state court decision if 'the administrative proceeding possessed the requisite judicial character.'" *White*, 671 F.3d at 927 (quoting *Runyon v. Bd. of Tr.*, 48 Cal. 4th 760, 773

---

[4] The Court may cite unpublished California appellate decisions as persuasive authority. *See Emp'rs. Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n.8 (9th Cir. 2003).

(2010)).  The administrative agency possesses the requisite judicial character if it "'act[s] in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate.'"  *People v. Sims*, 32 Cal. 3d 468, 479 (1982), *superseded by statute on other grounds as stated in Gikas v. Zolin*, 6 Cal. 4th 841, 851 (1993) (citations and emphasis omitted); *Brosterhous*, 12 Cal. 4th at 324. California courts consider a number of factors, including whether: (1) the administrative proceeding was conducted in a judicial-like adversary proceeding; (2) witnesses testified under oath; (3) the determination involved the adjudicatory application of rules to a single set of facts; (4) there was an impartial hearing officer; (5) the parties had the right to subpoena witnesses and present documentary evidence; (6) the agency maintained a verbatim record of the proceedings; (7) the hearing officer's decision was adjudicatory and in writing with a statement of reasons; and (8) there was potential for later judicial review.  *See White*, 671 F.3d at 927-28; *see also Imen v. Glassford*, 201 Cal. App. 3d 898, 906 (Ct. App. 1988).

Moving Plaintiffs claim the proceedings were not sufficiently judicial because the hearing officer lacked jurisdiction over the § 1983 claims, they selected the hearing officer from a "limited list of attorneys who make themselves available for these sorts of administrative hearings to the California Public Employment Relationship Board" and have a financial interest in adjudicating cases, they were not permitted to conduct formal discovery, the rules of evidence did not apply, and the hearing officers selected were not competent in § 1983 law.  Mtn. at 22-23.  "California precedent makes clear that an administrative hearing, to qualify as sufficiently 'judicial' for collateral estoppel purposes, need not be identical to a judicial trial, so long as basic due process considerations are satisfied."  *Basurto v. Imperial Irrigation Dist.*, 211 Cal. App. 4th 866, 884 (Ct. App. 2012).  For example, in *Sims*, the California Supreme Court considered whether a hearing was of a sufficiently judicial character to permit collateral estoppel to attach to its decision.  *Sims*, 32 Cal. 3d at 479-80.  There, the court found the requirements were met because the hearing was conducted in an impartial manner,

testimony was received under oath or affirmation, the parties could call, examine, and cross-examine witnesses, the parties could make oral and written argument, a verbatim record of the proceeding was created, and the hearing officer provided a written statement of decision. *Id.* The court held so even though one of the parties failed to present evidence or participate in the hearing because it claimed the administrative agency lacked jurisdiction. *Id.* at 474, 481.

Here, as moving Plaintiffs concede, nothing impeded them from raising their First Amendment civil rights claims in their administrative proceedings. *See* Mtn. at 7 (noting that "the employee [in the administrative appeal process] may presumably assert any affirmative defense to employment termination that the hearing officer deems relevant that could be brought as an independent claim in court"). To the extent moving Plaintiffs argue the hearing officer was incompetent, the Ninth Circuit explained that there is no sound basis for a distinction between lay and attorney-decision makers, even in § 1983 actions. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1037 (9th Cir. 1994). Indeed, had moving Plaintiffs taken advantage of the State court review available under § 1094.5, it would be that court's ruling that would be preclusive in this Court. Thus, the Court is not persuaded by these arguments.

In its Order, the Court found the administrative proceedings had sufficient judicial character because: (1) moving Plaintiffs each agreed to use a particular hearing officer for their administrative appeals, were represented by counsel at the hearing, and had the opportunity to make an opening statement, introduce evidence, and to examine and cross-examine witnesses at their hearings; (2) a court reporter recorded a verbatim transcript at the hearings; (3) moving Plaintiffs each submitted a brief with closing arguments; and (4) the hearing officer in each appeal issued a written decision and award denying each of moving Plaintiffs' administrative appeals. MSJ Order at 5.

California courts have found administrative proceedings with similar characteristics to be sufficiently judicial in nature. *See Wassmann v. S. Orange Cnty Cmty College Dist.*, 24 Cal. App. 5th 825, 847 (Ct. App. 2018) (finding an administrative

proceeding had preclusive effect where the hearing was conducted by an impartial decision maker, testimony was given under oath, the parties could subpoena, examine, and cross-examine witnesses, the parties could make written and oral arguments, the proceeding was transcribed, the decision maker issued a statement of decision, and the parties had discovery rights); *Basurto*, 211 Cal. App. 4th at 883-84 (finding an administrative hearing to be sufficiently judicial where the parties were represented by counsel who gave opening and closing statements, the parties could call witnesses who testified under oath, documents were entered into evidence, a transcript of the proceedings was prepared, and the board issued a six-page written decision); *In re Michael K.*, 185 Cal. App. 4th 1112, 1126 n.10 (Ct. App. 2010) (finding an administrative decision to be sufficiently judicial where the claimant could present written and oral evidence, confront and cross-examine witnesses, appeared with counsel or another representative, had a right to an interpreter and to access to records, a recording was made, and the hearing officer rendered a written decision). Accordingly, the Court's decision regarding the judicial character of the administrative appeals was not made in clear error as it comports with California law.

### C. Administrative and Judicial Exhaustion

Next, moving Plaintiffs argue that California law does not require administrative or judicial exhaustion prior to filing a § 1983 action and that not having petitioned for a writ of mandate under California Civil Procedure Code § 1094.5 "merely means that the administrative decision is final." Mtn. at 16-19. It is not clear why this argument is raised. The doctrine of judicial exhaustion does not apply to § 1983 actions in federal court and it is well established that a § 1983 plaintiff need not exhaust State remedies prior to bringing a federal civil rights claim. *Embury v. King*, 191 F. Supp. 2d 1071, 1082-83 (N.D. Cal. 2001). However, "[t]he doctrine of claim preclusion does apply [to § 1983 actions in federal court]." *Id.* at 1083. Here, the Court found the administrative decisions were final because moving Plaintiffs did not pursue a writ of mandate under § 1094.5. MSJ Order at 9-11. As such, the Court concluded that "California courts

10

15cv1606-MMA (RBM)

would find that the administrative decisions are final state court judgments." *Id.* at 11. Therefore, this is not a basis for reconsideration.

## D. Primary Rights

Moving Plaintiffs next contend the Court erred in finding the primary rights at issue in the administrative proceedings and this action are the same. Mtn. at 24. They assert the primary right in the administrative appeals was "the right to continued employment, but in this action the primary right is to be free from retaliation for the exercise of First Amendment rights to freedom of speech and association." *Id.* In support, moving Plaintiffs rely on *George v. Cal. Unemployment Ins. Appeals Bd.*, 179 Cal. App. 4th 1475 (2009), which held that there are two distinct primary rights at stake when a civil service employee challenges discipline or termination on discriminatory or retaliatory grounds pursuant to California's Fair Employment and Housing Act ("FEHA")—the right to continued employment protected by the state civil service system and the right to be free from invidious discrimination and from retaliation for opposing discrimination protected by FEHA. *Id.* at 24-26 (citing *George*, 179 Cal. App. 4th at 1483). However, case law recognizes a difference between the preclusive effect of disciplinary or termination proceedings in subsequent § 1983 actions and FEHA actions.

For example, in *Swartzendruber v. City of San Diego*, 3 Cal. App. 4th 896 (Ct. App. 1992) the California appellate court found that the City Civil Service Commission's decision to uphold the plaintiff's termination precluded her § 1983 causes of action alleging the termination violated her civil rights under the due process and free speech clauses of the Constitution. *Swartzendruber*, 3 Cal. App. 4th at 902, 908, *disapproved on other grounds by Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 72 (2000). The court explained that "'[t]here can be no justification for plaintiff's position that she should be permitted to fail to assert at the administrative hearing constitutional and civil rights violations as reasons that made her termination wrongful, fail to prevail on the writ without attempting to urge or to bring before the court those reasons, and then be allowed to recover damages in this consolidated action that resulted from termination of her

11

15cv1606-MMA (RBM)

employment alleged to be wrongful based on those same reasons.'" *Id.* at 909 (citation omitted). The *Swartzendruber* court held the primary right at stake was the plaintiff's "right to continued employment and the harm suffered was loss of that employment." *Id.* at 908. As such, the plaintiff "merely restated her cause of action for wrongful termination in constitutional terms."[5] *Id.*

Similarly, in *Miller*, the Ninth Circuit held that a terminated employee's hearing before the Civil Service Commission precluded the employee's subsequent § 1983 action alleging constitutional claims not alleged before the Commission. *Miller*, 39 F.3d at 1034. The Ninth Circuit explained that the plaintiff simply restated his wrongful termination contentions in constitutional terms and that "[w]hether characterized as the 'issue' of the right to continued employment or as the 'claim' of a civil rights violation, the unreviewed finding of the administrative tribunal precludes further litigation of [the plaintiff's] contentions." *Id.* at 1034-35.

The Ninth Circuit's decision in *Takahashi v. Bd. of Trs.*, 783 F.2d 848 (9th Cir. 1986) further supports the Court's decision that identical primary rights are at issue in moving Plaintiff's administrative proceedings and this case. In *Takahashi*, the plaintiff's first action was based on the invasion of her contractual right to employment. *Takahashi*, 783 F.2d at 851. The Ninth Circuit found that the same primary right—the contractual right to employment—was at stake in the federal action as well because "[a]bsent termination of her employment contract, Takahashi suffered no harm. Takahashi's allegations of mental distress caused as a result of her dismissal do not present a separate injury." *Id.* The Ninth Circuit explained that Takahashi failed to allege a new injury because she re-stated the same primary right asserted in her breach of contract action in

---

[5] The *Swartzendruber* court also found it "inappropriate . . . to impose a rule of preclusion to [the plaintiff's FEHA] sex discrimination claim," but the California Supreme Court later disapproved this finding, holding that exhaustion of judicial remedies applies in FEHA actions. *Id.* at 910-11; *see Johnson*, 24 Cal. 4th at 72.

constitutional terms. *Id.* "By invoking the Constitution and § 1983, Takahashi has merely presented a new legal theory upon which she seeks recovery." *Id.*

Moving Plaintiffs incorrectly argue that *George* and *Brosterhous* "effectively overruled" *Swartzendruber*, *Miller*, and *Takahashi*. *See* Mtn. at 24. However, as explained above, *George*, which deals with FEHA claims, and *Brosterhous*, which does not prevent administrative proceedings from having preclusive effect in § 1983 actions, are inapposite. Moving Plaintiffs' reliance on *Ruiz v. Dep't of Corrs.*, 77 Cal. App. 4th 891 (Ct. App. 2000) is also unpersuasive, as it deals with administrative exhaustion. *See id.* at 27; *see also Ruiz*, 77 Cal. App. 4th at 900 (finding the plaintiff had exhausted his administrative remedies upon receipt of a "right to sue letter" from the Department of Fair Employment and Housing and was thereafter permitted to initiate a legal action before the court without first going to the State Personnel Board for further administrative relief).

Moving Plaintiffs' citations to *Maldono v. Harris*, 370 F.3d 945 (9th Cir. 2004) and *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803 (9th Cir. 2007) also do not support their arguments. *See* Mtn. at 27-28. In *Maldano*, the Ninth Circuit found that a nuisance suit and a § 1983 action involved different primary rights. The Ninth Circuit noted that in the nuisance suit the primary right was not the *plaintiff's* right to advertise on his billboard, which was at issue in his federal action, but the right of *Californians* to be free from obtrusive advertising displays along major highways. *Maldono*, 370 F.3d at 952. Here, moving Plaintiffs' allege the same injury to their employment in their administrative proceedings and this action, despite having construed them in constitutional terms. In *Kay*, the primary right at issue in the prior state action and the federal action was the plaintiff's right to be free of unconstitutional restrictions imposed on his free speech. *Kay*, 504 F.3d at 809. There, the Ninth Circuit explained that "[t]o the extent that the dismissed causes of action here could be creatively construed to be different from those that were addressed in Kay's state action, the claims could have and should have been raised by Kay in that action." *Id.* Thus, *Kay* supports the Court's

conclusion. In summation, moving Plaintiffs have not put forth any manifest error of law warranting reconsideration of the Court's prior primary rights finding.

### E. Just Cause Determination

Moving Plaintiffs also argue that because the hearing officer "did not actually decide whether [the moving Plaintiffs] were retaliated against for engaging in their protected activities," the instant action is not precluded. Mtn. at 30. As explained in its Order, res judicata "bars the litigation not only of issues that were actually litigated but also issues that *could have been* litigated." *See Fed'n of Hillside & Canyon Ass'ns v. City of Los Angeles*, 126 Cal. App. 4th 1180, 1202 (Ct. App. 2004) (emphasis added). The fact that the hearing officers did not determine whether moving Plaintiffs were terminated in retaliation for exercising their First Amendment rights does not negate the applicability of res judicata where, as here, they had an adequate opportunity to litigate those issues in the prior administrative proceedings. Thus, the Court sees no reason to reconsider its decision based on this argument.

### F. Newly Discovered Evidence

Finally, moving Plaintiffs assert that there is "newly discovered evidence" that Plaintiff Uriarte's administrative decision is not final because he filed a petition for writ of mandate pursuant to § 1094.5 on April 2, 2019. Reply at 3; Doc. No. 124-1. Moving Plaintiffs did not mention this "newly discovered evidence" before their reply brief, despite that the petition was electronically filed before this motion. *Id.* at 4, 7-8.

"Generally, reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion. New evidence submitted as part of a reply is improper because it does not allow the [opposing party] an adequate opportunity to respond. For this reason, the district courts may decline to consider new evidence or arguments raised in reply[.]" *Townsend v. Monster Bev. Corp.*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) (internal citations and quotation marks omitted). Moving Plaintiffs had this "new evidence" prior to filing the instant motion, thus, the timing of their disclosure "appears aimed at strategically limiting Defendants' opportunity to

14

respond." *See id.* at 1028. The Court is not willing to further postpone ruling on this motion to allow Defendants time to respond to the new evidence where such delays could have easily been prevented by moving Plaintiffs' earlier disclosure of the "new evidence." *See id.* Instead, the Court declines to consider the new evidence and argument as improper.[6]

## CONCLUSION

Having reviewed moving Plaintiffs' arguments in conjunction with the record, the Court finds no basis to reconsider the decision on summary judgment. The Court is not "left with the definite and firm conviction that a mistake has been committed," and therefore, moving Plaintiffs have not shown clear error or manifest injustice. *See Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Accordingly, the Court **DENIES** the moving Plaintiffs' motion for reconsideration.

**IT IS SO ORDERED**.

Dated: May 13, 2019

Hon. Michael M. Anello
United States District Judge

---

[6] Also, the Court is not persuaded that the filing of the petition renders Plaintiff Uriarte's decision not final because it is likely untimely. *See Marine v. Coll. of the Sequoias*, No. F061765, 2012 Cal. App. Unpub. LEXIS 837, at *30-31 (Ct. App. 2012) (finding "[a] long, unexplained delay in filing the writ petition may result in application of the doctrine of laches to bar the writ proceeding" and explaining that "the administrative decision was nonetheless final and binding on the parties, unless and until it was invalidated in further proceedings"). The decision in Plaintiff Uriarte's administrative appeal was signed November 13, 2016—two years, seven months, and sixteen days before Plaintiff Uriarte filed his petition. *See* MSJ Order at 11; s*ee also* Doc. No. 124-1. Should the Superior Court find the petition timely and consider it on the merits, Plaintiff Uriarte may seek appropriate relief.

15

15cv1606-MMA (RBM)