UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY ALARCON, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BOSTIC, *et al.*<br><br>Defendants. | Case No.: 15cv1606-MMA (RBM)<br><br>**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DEFENDANTS' UNOPPOSED MOTION TO STAY; PLAINTIFFS' MOTION TO FILE UNDER SEAL; AND PLAINTIFFS' MOTIONS FOR TAXATION OF COSTS**<br><br>[Doc. Nos. 94, 110, 112, 121, 122] |

Currently pending before the Court are Defendants' motion for summary judgment (Doc. No. 94), Defendants' unopposed[1] motion to stay the case (Doc. No. 110), Plaintiffs' motion to file documents in support of their opposition to Defendants' motion for summary judgment under seal (Doc. No. 112), and Plaintiffs' motions for taxation of costs[2] (Doc. Nos. 121, 122). The Court, in its discretion, finds the matters suitable for

---

[1] Defendants contend Plaintiff Alarcon's claims should be dismissed for failure to exhaust his judicial remedies. Doc. No. 110 at 9-11. Plaintiffs oppose the Court dismissing Plaintiff Alarcon's claims. Doc. No. 125. "[J]udicial exhaustion . . . is inapplicable in a § 1983 action brought in federal court" and, therefore, the Court **DENIES** Defendants' request to dismiss Plaintiff Alarcon's claims. *Embury v. King*, 191 F. Supp. 2d 1071, 1082 (N.D. Cal. 2001).

[2] Plaintiffs' motions for taxation of costs are not fully briefed. *See* Docket.

determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. After reviewing the parties' filings, and for the following reasons, the Court **GRANTS** Defendants' unopposed motion to stay the case (Doc. No. 110), **DENIES WITHOUT PREJUDICE** Defendants' motion for summary judgment and Plaintiffs' motion to file documents under seal (Doc. Nos. 94, 112), and instructs the Clerk of Court to **ADMINISTRATIVELY TERMINATE** Plaintiffs' motions for taxation of costs (Doc. Nos. 121, 122).

A federal district court has inherent power to stay a lawsuit based on considerations of economy of time and effort for the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). If there is a pending proceeding that is independent of but related to the federal lawsuit, then in certain circumstances the federal district court may stay the federal lawsuit while the independent proceeding moves forward. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The independent proceeding need not be controlling of the federal lawsuit to be considered related. *Leyva*, 593 F.2d at 863-64. An independent proceeding is related to the federal lawsuit if the proceeding will likely settle and simplify issues in the federal lawsuit. *Landis*, 299 U.S. at 256. To determine whether to impose a *Landis* stay, the federal district court should weigh five competing interests: (1) whether there is a fair possibility that a stay will cause damage; (2) whether a party may suffer hardship or inequity if a stay is not imposed; (3) whether a stay will contribute to the orderly course of justice; (4) whether the stay is imposed solely for judicial economy; and (5) whether the stay is for an indefinite time, resulting in undue delay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Dependable Highway Express, Inc.*, 498 F.3d at 1066-67.

Here, the pending administrative appeals are related to this federal lawsuit under *Landis*. As exemplified by the Court's prior order granting Defendants' motion for partial summary judgment on *res judicata* grounds, the remaining administrative appeals will likely narrow, settle, or simplify some or all the issues in this federal action. *See*

Doc. No. 91. Further, Plaintiffs do not oppose staying the case. *See* Doc. No. 125. Thus, it appears that a stay will neither cause damage nor wil the parties will suffer hardship or inequity if a stay is imposed. Rather, a stay will contribute to the orderly course of justice by permitting the administrative appeals to achieve finality and simplifying the issues for the parties. Moreover, a stay will not result in undue delay as the administrative appeals are already ongoing. Thus, the stay will be for a reasonable length of time—until the administrative appeals reach finality, either by seeking or failing to seek judicial review by writ of mandate.

Accordingly, the Court **GRANTS** Defendants' unopposed motion and **STAYS** the case. Doc. No. 110. The Court **ORDERS** the parties to file a joint status report within three business days of the remaining administrative appeals reaching finality. In light of the stay and procedural posture of this case, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion for summary judgment (Doc. No. 94) and Plaintiffs' motion to file documents under seal (Doc. No. 112). Once the stay is lifted, Defendants may file a renewed motion for summary judgment and Plaintiffs' may renew their motion to file under seal. **IT IS FURTHER ORDERED** that the Clerk of Court **ADMINISTRATIVELY TERMINATE** Plaintiffs' motions for taxation of costs. Doc. Nos. 121, 122. The Court will address all motions for taxation of costs, if necessary, upon resolution of all claims in this action. Accordingly, Plaintiffs may file renewed motions for taxation of costs upon resolution of this action.

**IT IS SO ORDERED**.

Dated: May 14, 2019

Hon. Michael M. Anello
United States District Judge

3

15cv1606-MMA (RBM)